UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUANN S. REHWALDT,

                Plaintiff,

                                                  ORDER
      v.                                            95-CV-876A

ELECTRONIC DATA SYSTEMS,

                Defendant.

---

## INTRODUCTION

On May 6, 2005, plaintiff Louann Rehwaldt filed a motion to consolidate this action with <u>Storms v. Electronic Data Systems</u>, 01-CV-665A.[1] Trial of this action, <u>Rehwaldt v. Electronic Data Systems</u>, is scheduled to commence on June 27, 2005. Trial on the <u>Storms</u> action is scheduled to commence on September 13, 2005. On May 25, 2005, defendant Electronic Data Systems filed an opposition to the motion for consolidation.

In the meantime, on May 13, 2005, the parties filed a joint motion to

---

[1] In her papers, plaintiff Rehwaldt requests permissive joinder under Fed. R. Civ. P. 20. Permissive joinder is not appropriate because there is no proposed amended complaint adding Rehwaldt to the <u>Storms</u> action. Nor would such a motion be granted at this late date. It is apparent from plaintiff's papers that she is really intending to move for consolidation of her case with the <u>Storms</u> action. Accordingly, the Court will analyze her motion under Fed. R. Civ. P. 42(a), applicable to consolidation motions.

adjourn the <u>Rehwaldt</u> trial.  Oral argument was deemed unnecessary as to both motions.

## DISCUSSION

With respect to the adjournment, the parties request that the <u>Rehwaldt</u> trial be adjourned in light of the plaintiff's pending request for interlocutory appeal to the Second Circuit, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.  Rule 23(f) provides:

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Plaintiff seeks to appeal this Court's April 13, 2005 order denying her motion for class certification.

The request for an adjournment is denied.  This case is approximately 10 years old.  The trial has been scheduled since December 2004, and the Court has set aside time in its calendar for the trial of this matter.  Rule 23(f) itself provides that an appeal under that section does not stay proceedings in the district court, unless the court orders otherwise.  The Court denied plaintiff's motion for class certification on several grounds, including timeliness.  It is not clear whether the Second Circuit will even entertain plaintiff's

interlocutory appeal. Unless and until the Second Circuit *actually grants* permission to appeal, the Court finds it unnecessary to adjourn the trial.

Plaintiff's request to consolidate this action with the Storms matter is also denied. Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The moving party bears the burden of showing the commonality of factual and legal issues in the actions it seeks to consolidate. See In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993). In determining whether to grant consolidation, the Court should "weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." Wright & Miller, Federal Practice and Procedure, at § 2383. Consolidation may be denied "if the common issue is not a central one, or if consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the management or trial of the case." Id. (footnotes omitted). The Second Circuit has cautioned that "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." In re Repetitive Stress Injury Litig., 11 F.3d at 373 (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.), cert. denied, 498 U.S. 920 (1990)).

Both the <u>Rehwaldt</u> and <u>Storms</u> actions involve the same defendant, Electronic Data Systems. Both actions also involve alleged violations of the Equal Pay Act. On the other hand, unlike the plaintiffs in <u>Storms</u>, Rehwaldt also has a Title VII discrimination claim and a claim under § 296 of the New York Human Rights Law. Rehwaldt's EPA claim also involves different time periods than that of the <u>Storms</u> plaintiffs. Given the different causes of action and applicable time periods, the Court finds that it would be prejudicial to the defendant and confusing to the jury to consolidate the <u>Storms</u> and <u>Rehwaldt</u> actions at this late date. Accordingly, plaintiff's motion for consolidation is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June   3  , 2005